NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SARAH ELIZABETH WARE, *Appellant.*

Nos. 1 CA-CR 14-0637, 1 CA-CR 14-0641 (Consolidated)
FILED 9-3-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-430233-001
No. CR2009-007944-012
The Honorable Brian D. Kaiser, Judge *Pro Tempore*
The Honorable Christine Mulleneaux, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoneinx
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher Johns
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

**W I N T H R O P**, Presiding Judge:

¶1 Sarah Elizabeth Ware ("Ware") appeals her convictions and sentences for four counts of aggravated driving under the influence ("DUI") and revocation of her probation for trafficking in stolen property triggered by the DUI convictions. Ware's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous. Ware's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this Court reviews the entire record for reversible error). This court allowed Ware to file a supplemental brief *in propria persona*, but Ware has not done so.

¶2 We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3 On July 11, 2013, a grand jury indicted Ware, charging her with four counts of aggravated DUI—each a class four felony. The State alleged that she had three prior felony convictions, and at the time of the

---

[1] We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2] We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

offenses her license was suspended and she was on probation.  *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(1)–(2).

**¶4**         At trial, the State presented the following evidence:   At approximately 7:20 a.m. on June 28, 2013, S.C. was driving eastbound in a residential area when a car being driven by a person later identified as Ware turned in front of her, resulting in a collision.  To S.C., Ware appeared drunk or under the influence of drugs because she mumbled and nonsensically asked S.C. to move her car so she could leave.

**¶5**         The driver of the car behind S.C.'s stopped immediately at the scene, saw Ware in the driver's seat, and smelled alcohol in the car driven by Ware.  Ware told him she was driving because her friend, the other occupant in the car driven by her, was too drunk to drive.

**¶6**         After the accident, Ware was transported to a hospital.  At the hospital, Officer Sampson with the Phoenix Police Department questioned Ware about the accident.  Ware stated she had been driving the car because her friend was "too messed up," and admitted her license was suspended because of a DUI.  Ware showed mood swings during the questioning, and the officer noted the odor of alcohol coming from her breath, her watery bloodshot eyes, and her slurred speech.  Ware admitted she had been drinking some beer, had taken Percocet and Xanax, and was impaired. When a nurse came to draw blood for Ware's treatment, Officer Sampson requested a portion for law enforcement purposes.

**¶7**         Detective Yoho with the Phoenix Police Department also conducted an investigation at the hospital.  Ware explained to him that she was trying to make a U-turn when the accident occurred.   He also completed a blood draw and had Ware submit to a horizontal gaze nystagmus test.  During the test, she exhibited all six cues of impairment. Based on his training and experience, Detective Yoho concluded Ware was under the influence of a central nervous system depressant—specifically alcohol.

**¶8**         Ware's driver's license had been suspended and revoked three times, and was revoked on the date of the offenses.  Ware's blood alcohol content ("BAC") in each blood sample exceeded 0.2.  According to a retrograde analysis done by a forensic scientist, Ware's BAC exceeded 0.2 within two hours of the collision.  That BAC level was well above the statutory level of 0.08 and would impair her motor skills to operate a car.

**¶9**         Ware testified in her defense.  On the day before the accident, the owner of the car driven by Ware—the other occupant in the car—"broke

down in front of the house." Ware came out of the house to assist. Later, she rode with the owner to a fitness center where the owner's boyfriend worked. When they left the fitness center, they got into the boyfriend's truck. She claimed, "They handed me a beer in the truck and the next thing I know it's the next day [the day of the collision] and I'm sitting on the curb [after the collision]." She admitted telling Officer Sampson that she was driving, but claimed she told him that in her confusion and was just repeating what the car's owner had told her. She did not remember much about the collision, including driving. She admitted having two prior DUI convictions, but denied that she was the driver during the collision.

¶10         The jury found Ware guilty as charged, and the court found she had three prior felony convictions, two of which were DUI offenses. The court sentenced her to aggravated, concurrent terms of 11 years' imprisonment for each DUI offense with credit for 426 days of presentence incarceration, and a presumptive sentence of 3.5 years' imprisonment for violating her probation for a conviction of trafficking in stolen property, to be served consecutively to her DUI convictions. The court credited her for five days of presentence incarceration to be applied to the consecutive sentence. Ware timely appealed.

**ANALYSIS**

¶11         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Ware was represented by counsel at all stages of the proceedings and allowed to speak at sentencing. The proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12         After filing of this decision, defense counsel's obligations pertaining to Ware's representation in this appeal have ended. Counsel need do no more than inform Ware of the status of the appeal and of her future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Ware has thirty days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶13        Ware's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama